IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-529-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TILDREN SHERRON HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

On September 10, 2021, a jury convicted Tildren Sherron Hunter ("Hunter" or "defendant") of possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 60]. On March 7, 2022, Hunter moved for a new trial under Federal Rule of Criminal Procedure 33 based on newly discovered evidence. See [D.E. 81]. On March 21, 2022, the government responded in opposition. See [D.E. 82]. As explained below, the court denies Hunter's motion.

Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A defendant may receive a new trial based on newly discovered evidence if he demonstrates that "(1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013); see, e.g., United States v. Ali, 991 F.3d 561, 571 (4th Cir.), cert. denied 142 S. Ct. 486 (2021); United States v. Robinson, 627 F.3d 941,

948–51 (4th Cir. 2010); United States v. Lighty, 616 F.3d 321, 374–75 (4th Cir. 2010); United States v. Fulcher, 250 F.3d 244, 249–55 (4th Cir. 2001); United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989).[1] A defendant must meet all five factors to get relief. See Ali, 991 F.3d at 571; United States v. Wolf, 860 F.3d 175, 189 (4th Cir. 2017); Robinson, 627 F.3d at 948–49; United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995); United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993), aff'd, 511 U.S. 485 (1994). A motion for a new trial for "any reason other than newly discovered evidence" must be filed "within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Whether to grant a motion for a new trial is within the district court's broad discretion. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004); United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). "However, these are highly disfavored motions that a court should grant only sparingly." Ali, 991 F.3d at 570 (quotation omitted). And a court may only grant a new trial based on a ground presented in a defendant's Rule 33 motion. See United States v. Rafiekian, 991 F.3d 529, 551 (4th Cir. 2021).

Hunter argues he received ineffective assistance of counsel at trial. See [D.E. 81] 3–4. But ineffective assistance of counsel is not "newly discovered evidence" within the meaning of Rule 33(b)(1). See Smith, 62 F.3d at 648 ("[W]e expressly confirm today that information supporting an ineffective assistance claim is not 'evidence' within the meaning of Rule 33."); United States v. Stockstill, 26 F.3d 492, 497 n.9 (4th Cir. 1994). Rather, a motion for a new trial based on ineffective assistance of counsel rests on the "other grounds" provision in Rule 33(b)(2). See United States v.

---

[1] A standard more favorable to the defendant applies if the defendant alleges a Brady or Giglio violation. See, e.g., United States v. Velasquez, 534 F. Supp. 3d 510, 512–13 (E.D.N.C. 2021). Although Hunter alleges he told his attorney before trial "that the government did not provide all of discovery, including summaries from each officer at the scene, and that some of the drugs which [were] in his possession, at the time of arrest, was not part of the discovery," Hunter does not allege a Brady or Giglio violation. [D.E. 81] 2.

2

Nowell, 784 F. App'x 168, 168–69 (4th Cir. 2019) (per curiam) (unpublished); United States v. Russell, 221 F.3d 615, 619 (4th Cir. 2000); Smith, 62 F.3d at 650–51. To move for a new trial under Rule 33(b)(2), Hunter needed to file his motion within 14 days after the verdict. See Fed. R. Crim. P. 33(b)(2). Hunter, however, moved for a new trial nearly six months after the jury returned its guilty verdict. Compare [D.E. 60] (verdict returned Sept. 10, 2021), with [D.E. 81] (motion filed Mar. 7, 2022). And Hunter has not explained his delay. See Fed. R. Crim. P. 45(b)(1)(B); United States v. Farris, 834 F. App'x 811, 812–13 (4th Cir.) (per curiam) (unpublished), cert. denied 142 S. Ct. 373 (2021); United States v. Blackwell, 436 F. App'x 192, 198 (4th Cir. 2011) (per curiam) (unpublished). Thus, the court denies Hunter's motion as untimely. See Eberhart v. United States, 546 U.S. 12, 13 (2005) (per curiam) (stating Rule 33's "rigid" deadlines are "inflexible claim-processing rule[s]" (quotation omitted)); Farris, 834 F. App'x at 812–13; Blackwell, 436 F. App'x at 198; Rice v. Rivera, 617 F.3d 802, 809 (4th Cir. 2010) (per curiam); [D.E. 82] 4–5.

To the extent Hunter's motion rests not on claims of ineffective assistance of counsel but on documents the government disclosed to Hunter's attorney the day before trial or an argument that the government did not produce all the discovery in Hunter's case, see [D.E. 81] 2–4, the court denies the motion. Hunter contends he told his attorney before trial "that the government did not provide" all discovery, including summaries from law enforcement officers and drugs Hunter possessed when he was arrested, and complains that the government disclosed 100 pages of documents to his attorney the day before trial. Id. at 2. Hunter does not state what evidence was included in the 100 pages of documents. See id. at 2–4. The government suggests Hunter is referring to "additional documentation relating to Government's Exhibit 3 – Lab report of Erin Tracy." [D.E. 82] 4 n.1.

3

As for the 100 pages of documents, they are not "newly discovered evidence" within Rule 33. See Moore, 709 F.3d at 293; Fulcher, 250 F.3d at 249–50; Singh, 54 F.3d at 1190; Custis, 988 F.2d at 1359 ("[T]he evidence must be, in fact, newly discovered, i.e., discovered since the trial." (emphasis added; quotation omitted)). As for the allegedly undisclosed evidence, that evidence would not "probably result in an acquittal at a new trial." Moore, 709 F.3d at 292. After all, that evidence includes "some of the drugs which [were] in [Hunter's] possession, at the time of arrest." [D.E. 81] 2. Hunter provides no other information about these drugs that he possessed when arrested. Nonetheless, evidence that Hunter possessed drugs when he was arrested appears inculpatory rather than exculpatory. Cf. [D.E. 1] 1 (charging Hunter with "possess[ion] with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, and cocaine"). Logically, the same conclusion holds true concerning unidentified summaries of law enforcement officers. Thus, Hunter has not met his burden under Rule 33, and the court denies the motion.

In sum, the court DENIES defendant's motion for a new trial [D.E. 81].

SO ORDERED. This 20 day of April, 2022.

JAMES C. DEVER III
United States District Judge

4

Case 5:20-cr-00529-D    Document 84    Filed 04/20/22    Page 4 of 4