IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-529-D
No. 5:25-CV-648-D

TILDREN SHERRON HUNTER,            )
                                   )
            Petitioner,            )
                                   )
      v.                           )            **ORDER**
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

On October 10, 2025, Tildren Sherron Hunter ("Hunter" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and 210-month sentence [D.E. 103] and filed a memorandum in support [D.E. 104]. That same day, Hunter moved for leave to proceed in forma pauperis [D.E. 102]. On December 18, 2025, the government moved to dismiss Hunter's petition failure to state a claim upon which relief can be granted [D.E. 108] and filed a memorandum in support [D.E. 109]. See Fed. R. Civ. P. 12(b)(6). Hunter did not reply. Cf. [D.E. 110, 111, 112]. As explained below, the court grants the government's motion to dismiss, dismisses Hunter's motion to vacate, and denies as moot Hunter's motion to proceed in forma pauperis.

I.

On September 10, 2021, a federal jury convicted Hunter of possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 60]. On March 7, 2022, Hunter moved for a new

trial under Federal Rule of Criminal Procedure 33 based on newly discovered evidence. See [D.E. 81]. On April 20, 2022, the court denied his motion. See [D.E. 84].

On May 2, 2022, the court held Hunter's sentencing hearing. See [D.E. 85]; Sent. Tr. [D.E. 98]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 76]; Sent. Tr. 4; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Hunter's total offense level to be 32, his criminal history category to be VI, and his advisory guideline range to be 210 to 240 months' imprisonment. See Sent. Tr. 5. After considering arguments from counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hunter to 210 months' imprisonment. See id. at 6–8, 10–16.

Hunter appealed. See [D.E. 86]. On March 5, 2024, the United States Court of Appeals for the Fourth Circuit affirmed. See [D.E. 99, 100, 101]; United States v. Hunter, No. 22-4300, 2024 WL 937237, at *2 (4th Cir. Mar. 5, 2024) (per curiam) (unpublished). On June 3, 2024, Hunter petitioned the United States Supreme Court for certiorari. See supremecourt.gov/docket (last visited May 28, 2026) (search by docket number "23-7654"). On October 7, 2024, the Supreme Court denied certiorari. See Hunter v. United States, 145 S. Ct. 226 (2024) (mem.).

In Hunter's section 2255 motion, he alleges seven grounds for relief. Hunter contends that his trial counsel was constitutionally ineffective by failing to (1) object to the government's expert witness under Federal Rule of Evidence 702 (ground one); (2) argue that the recovered drugs belonged to Hunter's associate and renew Hunter's motion to dismiss the charge (ground two); (3) ask the government's expert witness, "Scales and cutting agents are NOT used in the sale of meth/MDMA tablets?" or "[y]ou can't cut pills," and renew Hunter's motion for judgment of acquittal (ground three); (4) object to jury instruction that the jury could consider the presence of a cutting agent as evidence of an intent to distribute (ground four); and (5) object to hearsay

2

statements and testimony that allegedly lacked foundation (ground seven). [D.E. 103] 7; see id. at 4–8; [D.E. 104] 1–8, 14. Hunter also alleges that the government failed to meet its burden of proof at trial (grounds two, three, and five) and committed Brady violations when it allegedly refused to (1) identify three officers present at Hunter's and his associate's arrest and (2) provide which charges Hunter's associate faced after her arrest (ground six). See Brady v. Maryland, 373 U.S. 83 (1963); [D.E. 103] 4–7; [D.E. 104] 4–7, 8–13.

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the petition's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a section 2255 motion's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423

3

F.2d 526, 529–30 (4th Cir. 1970) (per curiam).  Likewise, a court may rely on its own familiarity with the case.  See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms."  Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (cleaned up); see United States v. Yelizarov, 140 F.4th 597, 604 (4th Cir. 2025), cert. denied, 146 S. Ct. 345 (2025).  The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal.  See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001).  To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result.  See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).  Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, . . . the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Harrington v. Richter, 562 U.S. 86, 105 (2011) (cleaned up); see Weaver v. Massachusetts, 582 U.S. 286, 302–03 (2017); Jackson v. Kelly, 650 F.3d 477, 493 (4th Cir. 2011).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight."  Strickland, 466 U.S. at 689.  Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

4

assistance." Id. "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington, 562 U.S. at 109 (cleaned up); see Yarborough v. Gentry, 540 U.S. 1, 8 (2011). A party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694; Glover, 531 U.S. at 203–04.

In ground one, Hunter alleges the ineffective assistance of trial counsel by failing to object under Rule 702 to the government's expert witness speculation "that an unknown substance might have been creatine[,] a common cutting agent." [D.E. 103] 4; see [D.E. 104] 1–3. The trial record, however, reflects that the expert analyzed the evidence and produced two reports after completing a series of tests on the evidence that involved "preliminary and confirmatory techniques . . . depending on the type of evidence" submitted. [D.E. 96] 67; see id. at 68–80. For the evidence that Hunter identified, the expert did "two separate preliminary color tests," then "a microcrystalline examination," followed by a "Fourier transform infrared spectroscopy," and "prepared the sample for analysis . . . using gas chromatography mass spectrometry." Id. at 79. The expert concluded that the substance could be creatine but did not do confirmatory testing because creatine is not a controlled substance. See id. at 79–80. The court properly admitted the expert's testimony. See Fed. R. Evid. 702. Moreover, Hunter's trial counsel cross-examined the witness, eliciting the general availability of creatine and the limited drug quantities available for testing. See id. at 81–82. Hunter has not plausibly alleged deficient performance or prejudice. Hunter fails to plausibly allege ineffective assistance of counsel.

Grounds two and three fail to the extent they allege Hunter's trial counsel did not renew his motion for a judgment of acquittal, because Hunter's counsel did renew the motion. See

5

[D.E. 97] 61. Moreover, the degree of "vigor[]," [D.E. 104] 6, his counsel used in renewing the motion was a strategic choice of which the court is "highly deferential." Strickland, 466 U.S. at 689. There was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009); Strickland, 466 U.S. at 689–90; Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009).

Grounds two and three also fail to the extent they allege Hunter's trial counsel argued the wrong theory of acquittal in not advancing that "the drugs found in the AC unit [of Hunter's hotel room] could have been and was [Hunter's associate's] bag of stuff" or that "[s]cales and cutting agent are NOT used in the sale of meth/MDMA tablets." [D.E. 103] 5, 7. "[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." Harrington, 562 U.S. at 111. To prevail, Hunter must plausibly allege that his counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed [Hunter] by the Sixth Amendment." Strickland, 466 U.S. at 687. But Hunter's trial counsel ably stated in his opening to the jury that the evidence would not show "any evidence of an intent to deliver"—a reasonable theory that counsel continued throughout the trial. [D.E. 96] 14. Counsel focused each witness on evidence not presented, asking about bags for drugs, foot traffic, and large quantities of funds and controlled substances. See, e.g., id. at 39, 57. Counsel obtained admissions from witnesses relevant to the defense theory of the case. See, e.g., id. at 98. Counsel advocated for a jury instruction that reflected his theory of the case. See id. at 119–20. And in his closing, Hunter's counsel reiterated his theory of the case and cited evidence (or lack of evidence) and jury instructions consistent with the defense theory. See [D.E. 97] 13–22. There was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

6

Ground four concerning the jury instructions fails because the court properly instructed the jury. See [D.E. 97] 24–51. There was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

Ground seven alleges the ineffective assistance of Hunter's trial counsel for "fail[ing] to object to . . . hearsay and improper foundation" at trial when the government did not call as a witness the agent who "actually collected the alleged drugs." [D.E. 104] 14. Hunter does not identify the hearsay statements to which his trial counsel should have objected. Thus, Hunter's conclusory allegations do not plausibly allege ineffective assistance of counsel. See Dyess, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a [section] 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt."); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). Alternatively, to the extent Hunter generally objects to the testimony of "other officers besides the officer who actually collected drugs," [D.E. 104] 14, the relevant officers testified based on their personal knowledge and did not rely on hearsay. See [D.E. 96] 19, 21, 27, 29, 40, 54–56, 59, 70–72. There was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

As for the allegations in grounds two, three, and five that the government failed to meet its burden of proof at trial, the Fourth Circuit on direct review rejected Hunter's theory and affirmed that the evidence supported Hunter's conviction. See Hunter, 2024 WL 937237, at *2. Although Hunter characterizes his claim as an ineffective-assistance-of-counsel claim in arguing his counsel failed to argue "vigorously" for a judgment of acquittal, [D.E. 104] 6, Hunter really seeks to recharacterize his burden-of-proof claim that he lost on direct appeal. But Hunter cannot use

7

section 2255 to recharacterize and relitigate a claim that he lost on direct appeal. See Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Moreover, even if Hunter could use this petition to challenge the sufficiency of the evidence, a reviewing court will sustain a jury's verdict if the jury could have made "any rational determination of guilty beyond a reasonable doubt." United States v. Seigler, 990 F.3d 331, 338 (4th Cir. 2021) (cleaned up). The funds, drugs, scale, and cutting agent that Hunter possessed were sufficient to make a guilty verdict "rational." Id.; see Hunter, 2024 WL 937237, at *2; PSR ¶¶ 5–7. Thus, Hunter's burden-of-proof claim fails.

As for the allegations in ground six of law enforcement misconduct and prosecutorial misconduct during the trial, Hunter failed to raise these claims on direct appeal. See Hunter, 2024 WL 937237, at *1–2 & n.*. Thus, the general rule of procedural default bars Hunter from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Hunter has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999); cf. Hunter, 2024 WL 937237, at *2. Alternatively, the record belies Hunter's claims that the government failed to disclose all material and favorable evidence it possessed. See [D.E. 109] 5–6; cf. Kyles v. Whitley, 514 U.S. 419, 433–34 (1995); Giglio v. United States, 405 U.S. 150, 153–54 (1972); Brady, 373 U.S. at 87; Moore v. Maryland, 163 F.4th

8

828, 840 (4th Cir. 2026); <u>United States v. Sandoval</u>, 154 F.4th 186, 199–200 (4th Cir. 2025); <u>United States v. Banks</u>, 104 F.4th 496, 509–10 (4th Cir. 2024); <u>United States v. George</u>, 95 F.4th 200, 209 (4th Cir. 2024); <u>United States v. Blankenship</u>, 19 F.4th 685, 692 (4th Cir. 2021); <u>United States v. Parker</u>, 790 F.3d 550, 558 (4th Cir. 2015); <u>United States v. Higgs</u>, 663 F.3d 726, 735 (4th Cir. 2011). Thus, the claims for law enforcement misconduct and prosecutorial misconduct fail.

After reviewing the claims presented in Hunter's motion, the court finds that reasonable jurists would not find the treatment of Hunter's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 108], DISMISSES petitioner's motion to vacate [D.E. 103], DENIES AS MOOT petitioner's motion for leave to proceed in forma pauperis [D.E. 102], and DENIES a certificate of appealability.

SO ORDERED. This 28 day of May, 2026.

JAMES C. DEVER III
United States District Judge

9